HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNARD WATKINS,

    Plaintiff,

  v.

UNITED PARCEL SERVICE, INC.

    Defendant.

NO. CV5-1611-RSL

PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, it is hereby ordered that the following provisions shall apply during the pendency of this action or until this Order is superseded.

  1.  The parties to this litigation may request in discovery certain information, documents, and things that may be used in this lawsuit but that are private and confidential and for which the parties have requested protection against improper disclosure.

  2.  <u>Confidential Matter</u>.

    a.  As used herein, "Confidential Matter" shall mean any document, information, or thing furnished in the course of this litigation, or specific portions thereof, that is designated by a party as "confidential" pursuant to Section 2(b) below if:

      i.  it contains financial or other proprietary information that is held confidential by either party;

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 1
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

    ii. it is part of an individual's personnel file, equal employment opportunity complaint or investigation file, medical file, or other similar file, or it includes an individual's identifying information, such as name, address, or telephone number, that a party treats as confidential; or

    iii. it describes, contains, or discloses internal corporate information that is legitimately held confidential within UPS.

  The determination of whether produced materials fall into one of the above categories shall be made in the first instance in good faith by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular produced materials have been properly designated as confidential, the dispute may be resolved by the Court.

  b. The parties recognize that experience may disclose that further categories of documents, information, or things should also be treated as confidential. Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or application to the Court for protection of other documents, information, or things.

  c. All documents, information, or things deemed Confidential Matter by a party shall be marked or stamped as "confidential." Documents, information, or things produced by a party prior to the execution and entry of this Order and which contain or reflect Confidential Matter, may be designated as confidential by providing new copies which have been stamped or marked "confidential" or by written notification of the documents, information, or things to be designated as confidential. In the event that new copies of documents, information, or things produced prior to the execution and entry of this Order are provided and stamped or marked "confidential," the previously produced copy lacking the "confidential" designation shall be destroyed.

  d. Any document, information, or thing not designated as "confidential" shall not be covered by this Order, <u>provided, however</u>, that inadvertent production of any document,

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 2
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

information, or thing not designated "confidential" shall not by itself be deemed a waiver of confidentiality as to such matter, and a party thereafter may designate the same as "confidential." Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Order.

    e. Except as expressly provided for in this Order, Confidential Matter, and any information contained therein, shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity, and shall be used only for the prosecution and/or defense of this litigation and for no other purpose.  Notwithstanding the preceding, nothing in this Order shall in any way limit or preclude either party from using any of the Confidential Matter that it has created or maintained for any of the business purposes for which it was created or maintained.  In addition, this Order does not preclude UPS from using any Confidential Matter produced by UPS to defend the Company's position in other litigation provided that, if the Confidential Matter that UPS intends to use in other litigation relates to personal information or documents regarding the plaintiff, UPS agrees that it will make a good faith effort to obtain a protective order similar to this one to protect the confidentiality of the plaintiffs' personal information.  This same provision applies to plaintiff's production.

    f. Confidential Matter, including the existence of such matters, may be disclosed by any party or counsel for any party to counsel, associate counsel, in-house counsel, paralegals, and office or other support staff assisting counsel in the preparation of this action. Confidential Matter, including the existence of such matters, may also be disclosed to the Court, Court personnel and court reporters used in this litigation.  Nothing in this Order shall limit or prevent the use of any Confidential Matter in open court at hearings in, or during trial of, this action, <u>provided, however</u>, that such use shall not relieve the parties of their obligations under this Order including, without limitation, the obligation to file Confidential Matter under seal.

    g. Confidential Matter may be disclosed in good faith to experts and consultants retained by a party to assist in preparation, settlement, trial, or appeal of this action.

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 3
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

Confidential Matter may be disclosed to persons whose depositions are noted or potential trial witnesses, as well as their counsel, only to the extent counsel for the disclosing party determines in good faith that it is reasonably necessary to do so.  Prior to the disclosure of any Confidential Matter, the person to whom the disclosure is made shall agree in writing to be bound by the terms of this Order by signing an agreement to be found in the form of Attachment A hereto.

3. <u>Use in Briefs, Exhibits, Testimony, and Other Documents</u>.  Confidential Matter used as exhibits to or incorporated in any other manner in briefs, memoranda, transcripts of testimony, or other documents filed with the Court shall be protected as follows:

a. to the extent that any brief, memorandum, transcript of testimony or other document submitted to the Court incorporates or refers to the substance of any information contained in any Confidential Matter, such brief, memorandum, transcript of testimony or other document or portion thereof shall be filed under seal and appropriately marked.

b. Confidential Matter that is otherwise made a part of the record shall be filed with the Court under seal and appropriately marked.

4. <u>Use in Depositions</u>.  A party may, either during a deposition or within thirty (30) days after receiving the deposition transcript, designate portions of that transcript, and exhibits thereto not already designated confidential, as "confidential."  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with substantially the following legend:  "Confidential – subject to protection pursuant to court order."  Until the expiration of the 30-day period, the entire deposition and exhibits thereto will be treated as subject to protection against disclosure under this Order.

5. <u>Use of Confidential Matter</u>.  Documents, information, and things marked "confidential" and the information contained therein shall not be used or disclosed by any party for any competitive purpose.

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 4
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

6.  <u>Disposition of Confidential Matter.</u>  No later than sixty (60) days following the final conclusion of the proceeding, including, without limitation, any appeal or retrial, all counsel and every person to whom Confidential Matter has been disclosed shall return all Confidential Matter, and all materials which contain or reflect Confidential Matter, including any copies, extracts or summaries thereof, and any portions of deposition designated as confidential pursuant to this Order.  As to those materials which contain or reflect Confidential Matter, but which constitute counsel's work product, counsel shall destroy such work product and all copies thereof.

7.  <u>Confidentiality Challenge</u>.  If a party challenges the confidential designation of any document, information, or thing, it shall so notify the other party in writing and provide that party ten (10) calendar days in which to move the Court for an order preventing or limiting disclosure.  The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the treatment of any Confidential Matter.  For the purposes of this Order, the phrase "for good cause shown" in Federal Rule of Civil Procedure 26(c) shall be defined as a "showing of concrete harm sufficient to outweigh the ordinary presumption of openness in litigation and considerations emanating from the First Amendment."

8.  <u>Subsequent Production</u>.  If any person or entity serves on a party a subpoena duces tecum or other request for production of Confidential Matter covered by this Order, that party shall immediately notify the other party of the request, and shall notify the person or entity serving such request that such materials are protected by this Order.  Unless within ten (10) business days of receipt of such notification, the party applies for an order from a court of competent jurisdiction precluding the party upon whom the subpoena or request is served from complying with the request, such party shall be free to produce the Confidential Matter.  If an order precluding compliance with the request is timely sought, the party upon whom the

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 5
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

subpoena or request is served shall not produce the Confidential Matter until after the court rules on such application.

9. <u>Termination</u>.  After the termination of this action, this Order shall continue to be binding upon the parties hereto, and all persons to whom Confidential Matter has been disclosed or communicated.

10. <u>Modification</u>.  This Order may be modified in the event that the parties agree in writing to a modification of the provisions hereof, or such modification is ordered by this court.

11. <u>Remedies</u>.  The parties expressly acknowledge and agree that all remedies under Federal Rule of Civil Procedure 37 and Local Civil Rule 37 will be available to the Court, in its discretion, to sanction any violation of this Order.

**IT IS SO ORDERED** this 16Th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Jointly Presented:
s/Valerie L. Hughes, WSBA #11859
Valerie L. Hughes, WSBA #11859
Laura Solis, WSBA #36005
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
 E-mail:  VHughes@perkinscoie.com
Attorneys for Defendant United Parcel Service

s/Sidney J. Strong, WSBA #1912
Sidney J. Strong, WSBA #1912
**Law Office of Sidney J. Strong**
810 Third Avenue, Suite 500
Seattle, WA  98104
Telephone:  206-623-5221
Email:  sid@sidstronglaw.com
Attorneys for Plaintiff

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 6
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

# ATTACHMENT A

I, _____, have been advised by counsel of record for plaintiff or defendant (circle one) in the matter of <u>Bernard Watkins v. United Parcel Service, Inc.</u>, United States District Court for the Western District of Washington, Cause No. CV5-1611-RSL, of the Protective Order governing delivery, exhibition, publication, or disclosure to me of Confidential Matter produced in this litigation, together with the information contained therein.  I have read a copy of said Protective Order and agree to abide by its terms, including its limitation on any further delivery, exhibition, publication or disclosure of documents and information subject to the Protective Order.  I understand that the unauthorized disclosure of Confidential Matter subject to the Protective Order may constitute contempt of court, and I hereby consent to the personal jurisdiction of the United States District Court for the Western District of Washington in connection with the disclosure of said Confidential Matter.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, 2005 at _____, _____.

Printed Name: _____

Signature: _____

Date: _____

[PROPOSED] PROTECTIVE ORDER
(NO. CV5-1611-RSLCV5-1611-RSL) - 7
[00895-1023-000000/SL053050.065.DOC]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000